IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

Sophiyaa Sahu,

*Defendant*.

Case No. 1:26-MJ-049

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Marc Gastaldo, being duly sworn, depose and state:

1.      I am currently employed as a Special Agent of the Federal Bureau of Investigation ("FBI") and have been since July 5, 2020. Prior to my employment as a Special Agent, I was an Investigative Specialist working covert surveillance investigations for the Federal Bureau of Investigation for five years. I was also a sworn Law Enforcement Officer in the Loudoun County Sheriff's Office for eight years prior to joining the Federal Bureau of Investigation. Throughout my career, I have participated in investigations of, among other things, violent crimes, explosive device detection and identification, espionage, international and domestic terrorism, and other federal and state offenses, including the execution of arrest warrants and search warrants. I am currently assigned to the Washington Field Office ("WFO") of the FBI, where I investigate violations of federal law that occur within the airport environment and on-board aircrafts. I am familiar with the relevant federal statutes, including under Titles 18 and 49 of the United States Code, and have conducted numerous investigations into offenses that have occurred upon an aircraft.

1

2.      This affidavit is submitted in support of a criminal complaint and an arrest warrant for **Sophiyaa Sahu (DOB 10/1985)**, who, within the special aircraft and territorial jurisdiction of the United States, knowingly assaulted another person by striking, beating, or wounding, in violation of Title 18, United States Code, Section 113(a)(4) and interfered with flight crew members in violation of Title 49 United States Code, Section 46504.

3.      The facts set forth in this statement of probable cause are based on my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact or matter observed by me or known to the United States.

### SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE

4.      On February 13, 2026, the FBI was contacted by the Metropolitan Washington Airports Authority (MWAA) police department regarding a disturbance aboard Etihad Airways # 5 flying nonstop from Abu Dhabi to Dulles International Airport (IAD).

5.      Approximately seven hours into the 15 hour flight, a passenger, later identified as **Sahu (DOB 10/1985),** started to raise her voice at a flight attendant (hereinafter Victim-1) who was engaged in his duties conducting meal and beverage service.  Victim-1 asked **Sahu** to calm down.  However, she stood up in the aisle and continued speaking at a high volume, which garnered the attention of numerous other passengers.  Victim-1 attempted to move the meal and beverage cart further down the aisle away from **Sahu,** knowing that she was agitated.  When he turned his back to move the cart, **Sahu** kicked him in his hip area above the left buttocks and near his lower back.  **Sahu** was wearing black boots with a heel. See photo below.



6.  Victim-1 turned around and tried to verbally de-escalate the situation.  **Sahu** continued to raise her voice, cursing at him and calling him names.  **Sahu** then got up and stood on her chair, screaming obscenities.  At that point Victim-1 moved down the aisle away from **Sahu** to notify the flight crew of the situation.  The flight manager, Victim-2, responded to the call for assistance. When Victim-2 arrived, **Sahu** was seated again. Victim-2 spoke to **Sahu** to try to calm her down. **Sahu** again at some point stood up to yell at Victim-2.  During the interaction, **Sahu** pushed Victim-2's shoulder three to four times and, when Victim-2 lifted her hands to prevent another push, **Sahu** slapped Victim-2's hand.  Victim-2 walked away, and ensured that the flight crew had a restraint kit prepared.  After Victim-2 walked away, **Sahu** sat back down and remained seated throughout the rest of the flight.  The crew did not have to use the restraints.  However, Victim-1's food and beverage service was delayed because of the assault, and the flight crew modified its normal protocol and the duties and responsibilities of flight attendants to limit any interaction between Victim-1 and **Sahu.**

3

7.  Several passengers were interviewed and provided written statements, confirming that they observed **Sahu** kick Victim-1 and strike Victim-2.  Passengers also reported observing **Sahu** standing in her seat and screaming obscenities.  Amongst other things, Victim-1, Victim-2, and passengers reported **Sahu** calling the flight attendants "whores" and "mother f---ers."  One passenger reported that **Sahu** yelled for approximately 20-30 minutes.  Victim-1 and Victim-2 were interviewed and provided an account consistent with the facts as outlined above.  Victim-1 reported still being in pain and discomfort in his left buttocks and hip area upon arrival, but did not seek any additional medical treatment.  Victim-2 was uninjured.

8. **Sahu** had both a United States Passport and an Illinois identification card on her person identifying her name and date of birth.  Upon arrival, **Sahu** agreed to speak to the FBI after she was given *Miranda* warnings.  **Sahu** denied kicking Victim-1 or pushing or slapping Victim-2.  However, she acknowledged standing on her seat and making a public speech to the cabin.  She claimed Victim-1 provoked her by making inappropriate comment(s) and gestures.

## **CONCLUSION**

9.    Based upon the foregoing, I submit there is probable cause to believe that on or about February 13, 2026, in the Eastern District of Virginia, the defendant, **Sahu**, on an aircraft in the special aircraft jurisdiction of the United States, namely Etihad Airways # 5 flying nonstop from Abu Dhabi to Dulles International Airport (IAD), did commit assault by beating, striking, and wounding, in violation of Title 18 United States Code, Section 113(a)(4) and did commit the crime of interference with a flight crew in violation of Title 49, United States Code, Section 46504, and in violation of Title 18, United States Code, Section 7.

Respectfully submitted,

_____
Marc Gastaldo
Special Agent
Federal Bureau of Investigations

Respectfully submitted and attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on February 13, 2026.

_____
The Honorable William B. Porter
United States Magistrate Judge
Alexandria, Virginia

5